UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENA W.,

Plaintiff,

v.

1:20-CV-0652
(WBC)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC
Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

KENNETH HILLER, ESQ.
AMY CHAMBERS, ESQ.

U.S. SOCIAL SECURITY ADMIN.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

ELIZABETH ROTHSTEIN, ESQ.

William B. Mitchell Carter, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 16.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand, and the Commissioner's motion is denied.

## I. RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born in 1962.  (T. 56.)  She completed high school.  (*Id.*)  Generally, Plaintiff's alleged disability consists of knee injury, arthritis in knee, chronic pain, thoracic spondylosis, and chondromalacia grade 4.  (T. 73-74.)  Her alleged disability onset date is April 23, 2016.  (T. 73.)  Her date last insured is December 31, 2020.  (*Id.*)  Her past relevant work consists of driving a tugger, servicer in consumer tires, and customer service in waste management.  (T. 58, 61-68)

### B.     Procedural History

On October 17, 2016, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act.  (T. 82.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On April 25, 2019, Plaintiff appeared before the ALJ, Jason Mastrangelo.  (T. 51-72.)  On June 21, 2019, ALJ Mastrangelo issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 32-50.)  On April 1, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 37-45.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2020 and Plaintiff had not engaged in substantial gainful activity since April 23, 2016.  (T. 37-38.)  Second, the ALJ found Plaintiff had the severe impairments of: status post right total knee arthroplasty and obesity.  (T. 38.)

The ALJ determined Plaintiff had the non-severe impairment of degenerative disc disease of the cervical spine. (*Id.*) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 39.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a); except Plaintiff:

> can lift and/or carry 10 pounds occasionally and up to 10 pounds frequently, stand and/[or] walk two hours in an eight-hour workday and sit six hours in an eight-hour workday; and occasionally climb, balance, kneel, crouch and crawl.

(*Id.*) Fifth, the ALJ determined Plaintiff capable of performing past relevant work as a customer service representative and claims clerk. (T. 44.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the ALJ "improperly used lay opinion and selective[] reading in evaluating and explaining opinions and evidence; and improperly failed to develop the record as necessary." (Dkt No. 11 at 16-22.) Second, Plaintiff argues the ALJ "failed to account for supported limitations in RFC findings, and improperly selectively read evidence and testimony;" and further, "the ALJ erred in finding Plaintiff was capable of past work, and since she had no transferrable skills, then Grid rules apply and support a disability finding." (*Id.* at 22-27.) Third, and lastly, Plaintiff argues the AC "improperly disallowed new and material evidence because new and material evidence was directly related to already existing conditions and the evidence is

probative." (*Id*. at 27-30.) Plaintiff also filed a reply in which she summarized her original arguments. (Dkt. No. 15.)

**B. Defendant's Arguments**

In response, Defendant makes three arguments. First, Defendant argues the ALJ properly developed the record and considered the severity of Plaintiff's impairments at step two. (Dkt. No. 14 at 6-8.) Second, Defendant argues the ALJ properly considered the evidence relating to Plaintiff's knee impairment and substantial evidence supports the RFC finding. (*Id*. at 8-16.) Third, and lastly, Defendant argues evidence dated after the ALJ's decision, which Plaintiff submitted to the AC, does not warrant remand. (*Id*. at 16-18.)

## III. RELEVANT LEGAL STANDARD

**A. Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation

process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The District Court's function in reviewing a final decision of the Social Security Administration ("SSA") is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard. *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009). Here, a review of the ALJ's decision reveals the ALJ committed legal error in affording great weight to the opinion of a state agency single decision maker in formulating Plaintiff's RFC.

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1)[1]. The ALJ determined Plaintiff could lift and/or

[1] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. These final rules were effective as of March 27, 2017. Some of the new final rules state that they apply only to applications/claims filed before March 27, 2017, or only to applications/claims filed on or after March 27, 2017. *See, e.g.*, 20 C.F.R. §§ 404.1527, 416.927 (explaining how an adjudicator considers medical opinions for claims filed before March 27, 2017) and 20 C.F.R. §§ 404.1520c, 416.920c (explaining how an adjudicator considers medical opinions for claims filed on or after March 27, 2017); *see also* Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Here, Plaintiff filed her claim before March 27, 2017. Thus, the 2017 revisions apply to this case, except for those rules that state they apply only to applications/claims filed on or after March 27, 20

carry 10 pounds occasionally and up to 10 pounds frequently, stand and/or walk two hours in an eight-hour workday and sit six hours in an eight-hour workday; and occasionally climb, balance, kneel, crouch and crawl. (T. 39.) Although the ALJ cited to evidence in the record, such as objective findings, opinions, and subjective reports to support his determination, the ALJ misread the record and remand is necessary for a proper reading of the medical opinion evidence.

In summarizing opinion evidence in the record, the ALJ noted "the state agency single decision maker opinion in exhibit 1A is a lay opinion prepared by a person with no expert qualifications; however, this source is qualified by virtue of education, training, and experience." (T. 43, 77-81.) The ALJ then outlined the state agency single decision maker's opinion that Plaintiff could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk two hours total inn an eight-hour workday; and sit for six hours total in an eight-hour workday with additional postural limitations. (T. 43, 77-78.)[2] The ALJ concluded the opinion was "entitled to great weight because it is consistent with the medical evidence." (*Id*.) The ALJ did not expand on what evidence he found consistent with the opinion. (*Id*.)

The ALJ committed legal error in affording the state agency single decision maker "great weight" and in relying on the opinion to formulate Plaintiff's RFC. Where an opinion prepared by a state agency single decision make, also referred to as a disability analyst, is afforded "great weight" and corresponds exactly to the ALJ's RFC, remand is necessary. *Aung Winn v. Colvin*, 541 F. App'x 67, 69 (2d Cir. 2013); *see*

---

[2] The ALJ also referred to the state agency single decision maker as a "state agency physician;" however, this appears to be a typo. (T. 43.) The entirety of the paragraph is devoted to the opinion of the state agency single decision maker and the ALJ's treatment of the opinion. (*Id*.)

*Rivera v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 486, 495 (S.D.N.Y. 2019) (remand is appropriate where an ALJ affords "great weight" and adopts the disability analyst's opinion entirely in the ultimate RFC determination).

An ALJ's error in weighing the opinion of a state agency disability analyst may be harmless where the RFC finding is supported by other substantial evidence in the record. *Koch v. Colvin*, 570 F. App'x 99, 102 (2d Cir. June 25, 2014) (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013)). Here, the ALJ's error cannot be found harmless. Although the ALJ considered medical opinion evidence and other evidence provided by treating and non-treating medical sources, the ALJ afforded those opinions only "some" or "partial" weight. (T. 43-44.) The ALJ clearly relied on the opinion of the state agency disability analyst and remand is required "for the ALJ to consider further and explain how the medical evidence supports the RFC determination." *Aung Winn*, 541 F. App'x at 70. Due to the error identified and the impact it may have on all steps of the sequential process, the ALJ should reassess Plaintiff's claim on remand.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: September 23, 2021

William B. Mitchell Carter
U.S. Magistrate Judge